UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HEXIN HOLDING LIMITED,

           Plaintiff,

v.                              Case No.: 25-cv-13116

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

           Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Hexin Holding Limited ("Plaintiff" or "Hexin"), hereby sues Defendants, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for patent infringement. Defendants are making, using, selling, offering for sale, and importing products bearing Plaintiff's patented design without authorization or license ("Infringing Products") within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identities identified on Schedule "A".

This action has been filed by Plaintiff to combat e-commerce store operators who copy and trade upon Plaintiff's reputation and goodwill by using Plaintiff's design patent without authorization. Defendants attempt to circumvent and mitigate liability by operating under one or more Seller Aliases to conceal their identities and the full scope and interworking of their infringing activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing products over the Internet that are mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion and dilution of its valuable patented design as a

result of Defendants' actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 1, *et seq.*, 28 U.S.C §§ 1131 and 1338.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their seller IDs. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to this state, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to the residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, foreign entities or individuals who are engaged in infringing activities and causing harm within this district by offering to sell, selling, and importing Infringing Products into this district.

4. Joinder is proper in this matter pursuant to Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. §299 as Plaintiff's claim for relief arises out of the same transaction, occurrence, or series of transactions or occurrences related to the offering for sale, and selling of the same Infringing Products. As such,

common questions of law and fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for noninfringement of the design patent. Furthermore, joinder of the defendants in this action facilitates judicial economies in litigation and promotes fairness to the parties as encouraged by the Supreme Court and Seventh Circuit.

## THE PLAINTIFF

5. Plaintiff, Hexin Holding Limited d/b/a Shapellx, is a corporation organized under the laws of Hong Kong with a principal place of business located at Flat/Rm A30, 9/F Silvercorp International Tower 707-713, Nathan Road, Mongkok, Hong Kong.

6. Hexin is a prominent designer of shapewear for women and distributed its shapewear through the U.S. and the world and built direct-to-consumer global brands (the "Hexin Products"). Plaintiff has over 400 employees working around the world. Hexin is one of the fastest-growing shapewear direct-to-consumer brands in the United States. Hexin offers styles that make women look and feel confident and aims to build movements around confidence, body positivity messages and women empowerment and has changed the shapewear industry. Hexin is consistently ranked as top seller on online e-commerce platforms.

7. Hexin is the lawful assignee of all right, title and interests in and to the United States Design Patent No. D933,333 (the "Hexin Design"). The patent was lawfully issued on October 19, 2021. Attached as **Exhibit 1** is a true and correct copy of the design patent registration.

8. Among the rights granted to Plaintiff under United States Code, Title 35 are the exclusive rights to make and use Hexin Design for the benefit of Plaintiff. Plaintiff sells Hexin Products through its own e-commerce stores and licensed retailers, which embody and practice Hexin Design and such Hexin Products have been marked with the patent number pursuant to 25 U.S.C. § 287(a).

9. Hexin takes protecting its investment in intellectual property seriously and has expended a significant amount of time, millions of dollars in marketing and promoting its shapeware products and has copyrighted and patented over 126 different works related to its shapeware business. As a result, products associated with Hexin Design are recognized and adored by consumers.

10. The success of Hexin Products is largely due to Hexin's marketing, promotional, and distribution efforts. As a result of Hexin's efforts, the quality of Hexin Products, the promotional efforts for their design, social media coverage, members of the public have become familiar with Hexin Design and associate it exclusively with Hexin Products.

11. Hexin has made efforts to protect its interest in and to Hexin Design. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, offer for sale, or sell any shapewears bearing Hexin Design without the express written permission of Hexin.

12. Hexin has lost the control over the Hexin Design and the right to exclude others from making, using, offering for sale, selling, or importing into the U.S. the Hexin Design as a result of Defendants' infringement. Due to unfair competition and price erosion caused by Defendants' infringement, Hexin has incurred great loss in terms of sales. Plaintiff has been and continues to be irreparably damaged by the infringement and seeks injunctive and monetary relief.

## THE DEFENDANTS

13. On information and belief, Defendants are individuals and business entities of unknown makeup who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

14. On information and belief, Defendants regularly conduct, transact and/or solicit business, and/or derive substantial revenue from their business transactions in the U.S. including this district. Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms as

well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' merchant storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including this district, as a means for establishing regular business with the U.S., including Illinois.

15. On information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective user accounts, using their merchant storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products at below-market prices to consumers in this district.

16. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

17. Upon information and belief, Defendants are aware of Hexin Products, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff.

18. On information and belief, Defendants reside and/or operate in foreign jurisdictions with lax intellectual property enforcement systems. All Defendants are offering for sale and selling body contouring products using Hexin Design. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

19. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

**DEFENDANTS' INFRINGING CONDUCT**

20. The success of Hexin products has resulted in significant theft of Hexin Design as well as its other intellectual properties. Defendants advertise their shapeware products featuring Hexin Design to mislead the public that Defendants' products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were/are offering for sale and/or are selling products using Hexin Design to consumers throughout the United States. E-commerce sales, including through e-commerce stores like those of the Defendants, have resulted in a sharp increase in sales for those stores unlawfully using Hexin Design in the United States.

21. Third-party service providers, such as, for example, Amazon, Temu, Shein, and TikTok, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, which allows Defendants to use false or inaccurate names and addresses when registering with these e-commerce platforms. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, those misappropriating intellectual property can have many different profiles that can appear unrelated even though they are commonly owned and operated.

22. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal and others. E-commerce stores operating under the Seller Aliases include content and images that are protected and that make it very difficult for consumers to distinguish such stores from

an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of Hexin Design, and none of the Defendants are authorized retailers of genuine Hexin Products.

23. Many Defendants also deceive unknowing consumers by using Hexin Design without authorization within the content, photographs, text, and/or meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for shapewear products.

24. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

25. On information and belief, Defendants regularly register or acquire new seller aliases to sell products using Hexin Design. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

26. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images.

27. On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, Daseon Legal Service, and Maijiazhichi regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

28. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

29. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property working in active concert to knowingly and willfully sell the Infringing Products using Hexin Design in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully used and continue to use Hexin Design in connection with the offering for sale, and sale of Infringing Products into the United States over the Internet.

30. Defendants' infringing activities has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
### Design Patent Infringement

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32. Plaintiff is the lawful assignee of valid and enforceable design patent No. US D933,333.

33. Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe upon the Hexin Design.

34. Defendants have infringed Hexin Design through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreplaceable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing its patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

35. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including defendants' profits pursuant to 35 U.S.C. §289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, offering for sale, selling or importing into the United States any products not authorized by Plaintiff that embody or practice Hexin Design;

   b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   c. further infringing Hexin Design and damaging Plaintiff's goodwill;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, TikTok, Amazon, Shein, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with use of Hexin Design;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are

adequate to compensate Plaintiff for Defendants' infringement of the Hexin Design, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Hexin Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) Alternatively, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Hexin Design, pursuant to 35 U.S.C. § 289;

6) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 35 U.S.C. §285; and

7) Award any and all other relief that this Court deems just and proper.

Dated: October 27, 2025                                      Respectfully submitted,

                                                             /s/ Faye Yifei Deng
                                                             Faye Yifei Deng
                                                             YK Law LLP
                                                             445 S Figueroa St, Suite 2280
                                                             Los Angeles, California 90071
                                                             fdeng@yklaw.us
                                                             Tel: 213-401-0970

                                                             *Attorney for Hexin Holding Limited*